## HANCOCK *vs.* PERKINS & BROTHER.

If it be sought to bring up evidence in a bill of exceptions, to be considered, it must be incorporated in such bill, or attached thereto and identified by the signature of the judge thereon. Whatever precedes the judge's certificate is a part of the bill of exceptions, and may be verified by the certificate alone. What follows the certificate must be distinctly identified. 48 *Ga.*, 566; 58 *Ib.*, 346; 38 *Ib.*, 689; 61 *Ib.*, 492; 10th rule supreme court.

CRAWFORD, Justice.

## NORFLEET & JORDAN *vs.* VAUGHN *et al.*

The verdict in this case is supported by the evidence.

(*a.*) If the original breaking and entering of one's close be wrongful, the retention of the property thereafter is also wrongful, and consequential damages are recoverable therefor; certainly so to the time of filing the writ, if not up to the time of the verdict. *Juchter vs. Boehm, Bendheim & Co.*, 67 *Ga.*, 534.

JACKSON, Chief Justice.

## HAM *vs.* PARKERSON *et al.*

While a written contract cannot be altered by parol, yet if its execution was the result of fraud, accident or mistake, such fact may be pleaded and proved by parol in avoidance thereof.

(*a.*) The evidence in this case showed that a defendant in *fi. fa.*, who was about to obtain an exemption in certain property levied on, desired to give the constable making the levy a forthcoming bond for the property, which the latter agreed to accept; a scrivener present volunteered to draw the bond, and did so, but made it a bond conditioned to pay the *fi. fa.* Neither the defendant nor the officer read the bond before it was signed, or knew of its contents:

*Held*, that to a suit on the bond such facts might be pleaded and proved by parol, and would constitute a good defence. 54 *Ga.*, 289; 52 *Ib.*, 149; 56 *Ib.*. 31, 32; 59 *Ib.*, 850.

CRAWFORD, Justice.