## MAXWELL v. WILLINGHAM, executor.

1. A written contract for the purchase of land, describing it as all of a certain tract " containing about one hundred and fifty acres, for $5 per acre," and providing that a survey should be made by the vendor and the land " paid for according to the amount shown thereby," is a contract to purchase the entire tract of land, and when the survey made according to the contract shows that the tract contains 218.20 acres, on a suit to recover the purchase-price of 218.20 acres at $5 per acre, a plea in effect alleging that the defendant agreed to purchase only one hundred and fifty acres at $5 per acre, and did not contract to purchase 218.20 acres, and further setting up as a defense that plaintiff represented that the tract did not contain more than one hundred and fifty acres and sold the same with the assurance that when surveyed it would be found to contain not more than one hundred and fifty acres, was properly .stricken on demurrer.

2. A contract in writing which is plain and unambiguous can not have engrafted upon it by parol other stipulations which vary the terms of the writing.

3. Under the terms of the will shown in evidence, the plaintiff as executor was invested with lawful power to sell the land in question at private sale and convey it to the purchaser.

Submitted April 14, — Decided May 6, 1897.

Action on contract.    Before Judge Reese.    Oglethorpe superior court.    April term, 1896.

This was a suit by W. M. Willingham, as executor of Willis Willingham, deceased, v. Edgar Maxwell, for $1,091.40 principal, brought March 25, 1895, upon the following contract entered into on January 5, 1895, between plaintiff and defendant : " I this day bought from W. M. Willingham, executor of Willis Willingham, late of said county, deceased, all that tract of land in said county known as the Peterman tract, containing about

one hundred and fifty acres, at $5 per acre.   The survey to be made by said executor, and the land to be paid for according to the amount shown thereby.   The sum of five hundred dollars to be paid in cash when survey is made and the deed tendered, with interest on the deferred payments at eight per cent. per annum.   Said tract of land lying on the Washington road about two miles east of Lexington, adjoining lands of Mrs. P. A. Sims, Smith Brothers and Maxwell.   Final payment to be made not later than January 5, 1896. "

It appears from the evidence, that the tract of land was shown by the survey made in pursuance of this contract to contain 218.20 acres.   The defendant filed certain pleas which were stricken upon demurrer; and thereafter the court directed a verdict for the plaintiff.   Defendant moved for a new trial, assigning error upon these rulings, and alleging that the verdict is contrary to law and evidence.   The motion was overruled, and he excepted.   The pleas so stricken set up, that the contract is one for the purchase of land per acre, the price to be $5 per acre and not to exceed 150 acres.   Before the filing of the suit, defendant agreed to perform his part of the contract as just stated, which plaintiff refused to do.   If the contract should be construed to be one for the sale of land by the tract and not by the acre, the excess of land beyond the quantity specified in defendant's contract is so gross as to justify the suspicion of wilful deception or mistake amounting to fraud.   The quantity shown by the survey of Thomas B. Moss, an expert and competent surveyor, made on January 19, 1895, is 218.28 acres, an excess of 68.28 acres, and for this reason defendant demands a rescission of this contract.   He offered to buy from plaintiff a piece of bottom-land containing about 30 acres, which was a part of the tract now in controversy.   Plaintiff declined to sell the bottom-land to the exclusion of the upland connected therewith, when defendant agreed to buy the tract at a reduced price, to wit, $5 per acre, on the statement of plaintiff that the entire tract did not contain more than 150 acres at the outside, and, in the opinion of plaintiff, that the land would not run out more than 125 acres.   Defendant stated to plaintiff that he did not want the upland but only the bottom-land, and if the tract

did not contain more than 150 acres, he would pay as much as
$5 for as much as 150 acres in order to get the bottom-land,
but that he was unwilling to take more than that at that price,
as it would render the land he really wanted, the bottom-land,
more costly than he desired or was able to pay. Whereupon
plaintiff agreed to sell the tract with the assurance that it would
not run more than 150 acres at the outside; and he and defend-
ant, with this understanding entered into in good faith by
defendant and with no knowledge on his part of the actual
quantity of land contained in the tract, signed the contract sued
upon. It was the express agreement that the tract should in
no event contain more than 150 acres. As soon as Moss noti-
fied defendant that it contained about 200 acres, he immedi-
ately communicated this information to plaintiff, and told him
he need not proceed with the survey as he would not take more
than agreed upon. Plaintiff assured defendant that Moss was
mistaken in his opinion as to the quantity of land, and that he
would proceed with the survey, which plaintiff did with the
result above stated. Plaintiff knew the tract contained largely
more than 150 acres, and wilfully and intentionally, for the
purpose of defrauding defendant, falsely represented to him the
quantity of land contained in the tract, and obtained from him
the contract sued upon, by false, deceitful and fraudulent means.
Further, the deed tendered defendant by plaintiff in pretended
compliance with the alleged contract is worthless, in that plain-
tiff had neither right nor authority under the will of his testa-
tor to sell and dispose of the land; and he is not under bond as
executor, and is insolvent; wherefore defendant pleads a total
failure of consideration.

In evidence appears a deed from plaintiff, as sole surviving
executor of Willis Willingham, dated March 20, 1895, convey-
ing to defendant, in consideration of $1,091.40, the 218.20 acres
in question, and reciting that it is made by virtue of special
power and authority granted by the will of said testator to sell
and convey any of the property of his estate covered by his will,
the same being of record and made a part of this deed so far as
necessary or proper. Two items of the will are in evidence,
viz.:

"I desire and direct that my whole estate, both real and personal of every kind whatever, except as hereinafter excepted, shall remain under the management and control, as hereinafter defined, of my executors hereinafter appointed, during the natural life of my beloved wife, Susan Willingham, for her support and maintenance; and I hereby give her the right to use for her support and maintenance the income of my estate or such portion of said income as she may think proper to use and as may be necessary to maintain and support her in the style and comfort in which she lived during my lifetime; and if the income of my estate should at any time be insufficient for her support and maintenance as aforesaid, then I direct that my executors hereinafter named shall, if she so requests it to be done, sell such portion of my estate, in the manner hereinafter directed for sale to be made by them, as may be necessary to raise money sufficient for her support and maintenance as aforesaid.

"I hereby appoint my sons, Willis M. and J. Willingham, my executors to execute this my last will and testament; and I desire and direct that my said executors shall manage and control my whole estate during the lifetime of my beloved wife for her support and maintenance as directed in the second item of this will, carrying into effect, however, all the preceding items of this will, and also for the purpose of preserving and increasing the value of my estate, during her lifetime. Now to the end that my said executors may the better accomplish these purposes thus stated, I hereby give them full and specific authority to sell privately or publicly, with or without an order of court, just as they may think proper and best to accomplish the purposes hereinbefore declared, all or any portion of my estate except as otherwise provided and directed in the preceding items of this will, and to execute deeds of conveyance and make titles to the same."

*William M. Howard,* for plaintiff in error.
*Hamilton McWhorter,* contra.

SIMMONS, C. J.    Willingham, as executor of Willis Willingham, sold to Maxwell a tract of land, and Maxwell entered into

the following agreement : " I have this day bought from W. M. Willingham, executor of Willis Willingham, all that tract of land in said county known as the Peterman tract, containing about one hundred and fifty acres, for five dollars per acre. The survey to be made by said executor and the land to be paid for according to the amount shown thereby. The sum of five hundred dollars to be paid in cash when the survey is made, and the deed tendered ; with interest on deferred payments at 8 per cent. per annum. . ·. Final payment to be made not later than January 5, 1896. " In accordance with this contract, Willingham had the land surveyed, and it was found to contain 218.20 acres instead of 150. Willingham tendered Maxwell the deed to the 218.20 acres, and Maxwell refused to accept it ; whereupon Willingham brought his action upon the contract to recover the purchase-money of the land. Maxwell filed· pleas which will be found in the official report. Upon demurrer these pleas were stricken, and the court directed a verdict for the plaintiff for the value of the whole tract of land as shown by the survey. We think the court was right in striking the pleas and in construing the contract. Maxwell agreed to purchase about 150 acres of land·at five dollars an acre, and it can be plainly inferred from the phraseology of the contract that the parties were not certain as to the number of acres, for it was provided that the vendor should sell and the vendee should buy the whole tract, whatever the number of acres it might contain as shown by the survey provided for in the contract. The plea which sets up that the purchaser intended to buy only 150 acres at five dollars per acre was, therefore, properly stricken. The other plea, setting up as a defense that the plaintiff represented that the tract contained not more than 150 acres and that he sold the same with the assurance that when surveyed it would be found to contain not more than 150 acres, was also properly stricken.· The contract was plain and unambiguous, and the defendant can not engraft on it, by parol, stipulations which would vary its terms.

The defendant pleaded that the·executor had no authority under the will to sell the land at private sale, and could therefore make him no valid title. This plea was properly stricken ;

for the will gives the executor full and specific authority to sell the land privately or publicly, with or without an order of court, just as he may think proper and best to accomplish the purposes thereinbefore declared, and to execute deeds of conveyance and make titles to the land so sold. The court did not err in directing a verdict for the plaintiff.

*Judgment affirmed. All the Justices concurring.*