### 867.   BRANAN *v.* WARFIELD & LEE.

1. An entirely different contract from that evidenced by a writing can not be pleaded or proved by parol as a substitute for that embodied in such writing.   Civil Code, § 5201.
2. A false statement is not fraudulent when there is no reason why the statement should be believed and acted upon.
3. That a defendant, with full opportunity to read a mortgage note about to be executed by him, signed it without reading, and that it did not contain the contract as made, is no ground for the introduction of parol evidence to vary its terms; and pleas dependent entirely upon such evidence were properly stricken.

Appeal, from Wilkinson superior court—Judge Lewis.   October 7, 1907.

Submitted February 3,—Decided February 11, 1908.

*Lindsey & Carswell,* for plaintiff in error.

*F. Chambers & Son,* contra.

RUSSELL, J.   Warfield & Lee brought suit by attachment for the recovery of the purchase-price of two mules, and also foreclosed a mortgage on certain personal property executed to secure the same.   The cases were carried, by appeal, to the superior court, and there, with consent of counsel, the two cases were consolidated. The defendant's pleas were stricken by the court, and an amendment offered by him was disallowed; and error is assigned on these rulings.

1.   The defendant, by affidavit of illegality to the mortgage fi. fa. and by way of answer to the declaration in attachment, pleaded failure of consideration, rescission and that the note should only have been for $350, instead of $390, the "note being signed through a misapprehension, as the price agreed upon was $185 and $165 for said mules."   The amendment offered to the plea was as fol-

lows: "Defendant further alleges that said note was signed through the fraud practiced on defendant by W. G. Lee as a member of the firm of Warfield & Lee. The said Lee represented to defendant that said note was for the sum of $350, and that the health and soundness of said mules were guaranteed. It was at night when the note was signed, and defendant signed the same through the representations of said Lee, a member of the firm of Warfield & Lee, which representations were untrue." The copy of the mortgage note attached to the declaration, as well as to the mortgage foreclosure, contained the following condition, following the description of the mules sold: "It is expressly understood that the said Warfield & Lee does *not* warrant the health of said animals." The court did not err in striking the pleas, nor in disallowing the amendment offered thereto. Neither the pleas nor the amendment could be sustained without the admission of parol evidence absolutely at variance with and contradictory of the terms of the written contract. Parol evidence is admissible to explain an ambiguity and to show the true consideration of a contract to be different from that stated therein, or it may be shown by parol that the written contract was subsequently modified or abrogated, but it is fundamental that an entirely different contract from that evidenced by the writing can not be pleaded or proved by parol as a substitute for that embodied in the writing. To this effect the decisions are numerous.

2. Another exception to the rule is recognized where the contract was obtained through fraud, or its execution was the result of fraud, accident, or mistake. In such a case such fact may be pleaded, and may be proved by parol in avoidance of the contract. Our code declares that fraud voids all contracts. The allegations of the defendant in his pleadings, however, were insufficient to raise this issue. The case of *Ham* v. *Parkerson,* 68 *Ga.* 830, which is relied upon by the counsel for plaintiff in error, is not in point, and has never been construed as overruling a long line of decisions in which it has been held that one can not claim to have been defrauded by another as to the contents of an instrument which he had every opportunity to read and examine, where he neglected to avail himself of that opportunity, even though the opposite party may have made a false statement as to the contents of the instrument, if there was no reason why the one party should repose spe-

cial trust and confidence in the other.    The case of *Ham* v. *Parkerson,* supra, was one of mutual mistake, as the defendant in fi. fa. was about to obtain an exemption and a forthcoming bond, and the constable agreed to accept, and thought he had accepted, a forthcoming bond, and did not know until afterwards that the bond taken was not a forthcoming bond, a volunteer scrivener having drawn it for the parties and, without the knowledge of either, made it a bond conditioned to pay the fi.fa.    Equity stood ready to relieve from this mutual mistake.    But neither equity nor law lends itself to relieve one from the results of gross negligence.

Taking the allegations of the defendant's answer as true, no legal fraud was perpetrated by Lee upon the defendant.    Regardless of what Lee may have said (there being no reason apparent why he should repose unusual trust and confidence in Lee's statement) as to the health and soundness of the mules or as to the amount of the note, the defendant had the right and opportunity to read and inspect the paper before signing it, and it was his duty to himself to have done so.    The case would, of course, be different if he could not read; but this fact is not pleaded.    His pleadings are to be most strongly construed against him; and therefore, in the absence of an allegation that he could not read, it is to be presumed that he is able to read.    Where fraud, in the execution of an instrument, is properly alleged, the way is paved for the admission of parol testimony, but the judge did not err in holding that fraud was not so charged in this case as to render parol evidence of the contract, at variance with the terms of the mortgage note, permissible.

The present case is practically identical with the case of *Bostwick* v. *Duncan,* 60 *Ga.* 384, in which Chief Justice Warner, delivering the opinion of the court, said: "If the defendant chose to believe that person, whoever he was, as to what the note contained, without reading it, he has no one to blame but himself, if, in fact, that person did make any representations as to the contents of the note at .the time he presented it to the defendant for his signature.    It is not the duty or business of the courts to relieve parties from their gross negligence in making their contracts. Besides, in these days of hard swearing, when every man is a competent witness to swear for himself in his own case, the rule that parol evidence is not admissible to vary or contradict written con-

tracts, should not be relaxed." In *Jossey* v. *Ga. So. Ry. Co.*, 109 *Ga.* 446, it was held that "one who executes and delivers a promissory note without reading or knowing its contents can not avoid liability thereon because he acted ignorantly, without showing some justification of his ignorance, either by his inability to read or by some misleading device or contrivance amounting to fraud on the part of the person with whom he was dealing." To the same effect decisions well nigh innumerable might be cited.

*Judgment affirmed.*