DANIEL GEORGE, *Plaintiff in Error* v. A. S. DRAWDY,
*Defendant in Error.*

·1. A demurrer to a declaration as a whole, which contains the
common counts, is properly overruled.

2. In an action for breach of contract for failure to deliver all
cattle of a certain mark and brand, which contract is definitely
and formally executed in writing under seal, and the cattle
are neither numbered nor valued as a whole, to authorize a
substantial recovery there should be proof of the market value
of the cattle, and such recovery will not be sustained when
based solely on an alleged remark of the seller anterior to the
making of the contract that he would not guarantee any number
of cattle, but supposed there were one thousand.

This case was decided by Division A.

Writ of Error to the Circuit Court for Volusia County.

The facts in the case are stated in the opinion of the
court.

*Stewart & Bly,* for plaintiff in error.

*Beggs & Palmer,* for defendant in error.

COCKRELL, J.—The declaration in this case consists
of a special count upon breach of contract and the com-
mon counts. A demurrer to the declaration as a whole
was overruled, and this constitutes the first assignment of
error. To merit attention the demurrer should have
been confined to the special count. Gulf Lumber Co. v.
Walsh, 49 Fla. 175, 38 South. Rep. 831.

Upon the trial the evidence was confined to a cause of
action arising out of an alleged breach of contract; the
plaintiff Drawdy contending that George absolutely de-

clined to carry out the contract, upon the pretense that
he could not make good title, while George contended
that he stood ready to deliver title and possession but
that Drawdy refused to accept.    We fail to find any
contest over the marketableness of George's title; and need
not pass thereon.    Upon the real issue, as to who breach-
ed the contract, the evidence was so evenly balanced as
to make it a question for the jury upon the credibility
of the witnesses for the respective sides.

There was verdict and judgment for the plaintiff in
the sum of $1792.00 and costs.    We cannot find in the
evidence a basis upon which this amount, arising out of
a contract can be properly sustained.

The contract, upon which one hundred dollars was
paid down was for the sale and delivery on June 1, 1904,
of all the real estate owned by Drawdy in Volusia
County, also "one hundred and fifty bushels of corn, one
syrup kettle, one cane mill, forty hives of bees, forty
heads of hogs and all of the cattle owned by him, the
said Daniel George, individually or as guardian of Mals-
ton George and Hobson George, minors, on the range
of the following marks and brands," then follows the
description, all for nine thousand dollars.

This contract, which is in writing and under the seals
of the parties, makes no mention of the number or kind
of the cattle, but "all the cattle" of a certain mark and
brand upon the range belonging to George, individually
or as guardian of the two minors.    There was some evi-
dence, not satisfactory, as to the market price of cattle
of a certain class per head, but no one testified for the
plaintiff who had or claimed to have knowledge of the
number and class of the George cattle.    There is testi-
mony admitted over objection that pending the negotia-
tions, which were consummated in the written contract,

'Mr. George did not guarantee any amount of cattle, but supposed to be 1000 or 1200 head."

This is not an action for deceit or for fraud in procuring the contract, nor was the testimony offered in rebuttal or impeachment, but as the primary and sole evidence of the plaintiff's quantum of damages, and it is made as effective as if written into the contract itself. Drawdy shows by his own testimony that he relied not on this supposed statement by George, but upon personal knowledge of the number and kind of the cattle and upon information acquired through third persons who were well informed, and yet makes no effort to get direct evidence upon this vital point. The cattle made up the principal, in fact the controlling, part of the consideration for the contract, and to sustain a substantial verdict, over the hundred dollar forfeit, there should be some direct evidence from which the jury may determine the excess of the market price over the consideration named in the contract.

It is easy to find authorities to deny the use of the colloquium preceding the solemn written contract in an effort to establish a warranty of the number of cattle, Powell v. Edmunds 12 East 6; Maxwell v. Willingham 101 Ga. 55, 28 S. E. Rep. 672, and Thompson v. Libby, 34 Minn. 374, 26 N. W. Rep. 1, and while there may be a distinction between its use as a warranty and as an admission, we have found no authority for the distinction and as here presented, it is too refined to be available.

The judgment is reversed.

SHACKLEFORD, C. J.. and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.