### 1285.   BOSWELL v. JOHNSON.

1. One who, though he can read and write, signs a written contract with-
out reading it is bound by its stipulations, and can not set up that.
representations directly contradictory to the express language of the
instrument were made to him.
2. None of the rulings complained of were legally prejudicial to the
plaintiff in error.

Complaint, from city court of Carrollton—Judge Hodnett.
April 22, 1908.

Argued October 28,—Decided November 25, 1908.
R. D. Jackson, for plaintiff in error.
J. O. Newell, S. Holderness, contra.

POWELL, J.  This is not, as the title of the case might suggest, an action by Dr. Johnson against his friend Boswell, for any failure of the latter to include all the sayings and doings, witticisms (good, bad, and indifferent, real or imaginary), and divers eccentricities of the former, in the famous biography, nor yet an action by the faithful Boswell against the learned doctor for services in his behalf, but is a prosaic affair between horse-dealer Johnson and mechanic Boswell as to the purchase-price of two mules.

Boswell gave a note for the mules, in which were the following statements: "It is agreed between the parties to this contract that the vendors do not warrant the above-described property further than their right to sell; that the death of the same is at the vendee's risk, also any injury or sickness now existing or may hereafter arise at the vendee's risk, said vendee assuming said risk in consideration of the credit extended, he purchasing said property on his own judgment." He sought to set up, that he was inexperienced in purchasing mules, and that he so informed the seller; that he told the seller that he must and would rely solely upon the seller's representations; that the seller told him that the mules were sound; that this representation was false, the mules being at that time affected with glanders, from which they soon died; that by the false representations of the seller the note was procured; that the consideration wholly failed.  This contention, being directly contrary to the express terms of the written contract, could not be set up as a defense to it.  The defendant, though he could read and write, signed the contract without reading it.  He must suffer for his own negligence.  It seems hard to hold him to his contract, under the circumstances, but plain law must not be dispensed with to prevent injustice in a particular case.  The case is very similar, as to its general features, to the case of *Branan* v. *Warfield*, 3 *Ga. App.* 586 (60 S. E. 325).  If it had been shown that the seller knew the horse had the glanders at the time of the sale, the case might be different.  *Harris* v. *Mullins*, 32 *Ga.* 704 (79 Am. D. 320).  But see *Floyd* v. *Woods*, 110 *Ga.* 850 (36 S. E. 225).

The court worked no legal prejudice upon the defendant by first allowing his amended plea, upon payment of costs, and then disregarding and rejecting it later during the same term of the court.  There is nothing in the point that the note produced by the plaintiff at the trial was differently attested from the copy of

the note attached to the petition. There was no plea of non est factum, and the simple denial of the original plea did not put the plaintiff to proof of his contract. *Crockett* v. *Garrard, 4 Ga. App.* 360 (61 S. E. 552). *Judgment affirmed.*