### 1433. TRACY & COMPANY *v.* HARRIS.

A person who can read, but who nevertheless, through inexcusable neglect, signs a written contract without reading it, is held to its terms, though the taker has made false statements as to its contents. This rule applies to a married woman, where the person with whom she is dealing stands in no confidential relation to her.

Affidavit of illegality, from city court of Sylvester—Judge Park. September 30, 1908.

Submitted December 9,—Decided December 23, 1908.

*Claude Payton,* for plaintiff.

*J. J. Forehand, M. Tison, J. H. Tipton,* for defendant.

POWELL, J. The defense to the mortgage foreclosure was that the defendant had been induced to sign the mortgage through fraud. She showed that she was a married woman, and that the plaintiffs' agent, in company with her uncle-in-law, came to her home in her husband's absence and asked her to sign a paper, stating that it was a draft for $50 to cover future advances to be made her by the store at which she was trading. She objected to signing in her husband's absence. The agent said he could not wait long enough to see her husband, as he was under the necessity of catching the train. The uncle said it would be all right for her to sign the paper, and she signed it without reading it. It turned out to be a mortgage for something over $300, for a past indebtedness which she was owing the plaintiffs. The uncle was not employed by the plaintiffs. This states the defendant's case in its strongest light, and omits very strong evidence tending to negative her contention. But even thus stated, the plea of fraud was not made out. It.

merely presents one of those cases in which the law looks to the maker's own inexcusable negligence, and not to the payee's untruthful representations, as the controlling reason why the maker signed a paper which she did not intend to sign. The courts do not relieve in such cases. *Branan* v. *Warfield*, 3 *Ga. App.* 586 (60 S. E. 325); *Williams* v. *Moore-Gaunt Co.*, 3 *Ga. App.* 761 (60 S. E. 372); *Boswell* v. *Johnson*, ante, 251 (62 S. E. 1003); *Bostwick* v. *Duncan*, 60 *Ga.* 384; *Jossey* v. *Ry. Co.*, 109 *Ga.* 446 (34 S. E. 664); *Walton Guano Co.* v. *Copelan*, 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268), and cit.; *Maxwell* v. *Willingham*, 101 *Ga.* 55 (28 S. E. 672). The fact that the defendant is a woman makes no difference. Even the married women of this State are presumed by law to have sense enough to attend to their own business, except in matters of suretyship and the debts of their husbands.

*Judgment reversed.*