### J. M. Robinson, Norton & Co. v. Randall, et al.

(Decided February 21, 1912.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Mortgage by Married Woman—Husband Not Joining—Estoppel.— A mortgage given by a married woman in which her husband did not join, is void as to her, and she is not estopped to show that she was a married woman by the fact that she is designated in the deed as a widow.

2. Procuring Signature by Duress.—The fact that one of the mortgagors procured another of them to sign the mortgage by duress does not vitiate it.

3. Deed—Delivery—Validity.—A deed delivered to the grantee on the condition that it is to be held by him and not enforced unless the grantor further gave her consent in writing thereto, is valid, the parol agreement being inconsistent with the deed and not enforcible.

S. M. SAPINSKY, PAUL BLACKWOOD and J. R. DUFFIN for appellant.

O'DOHERTY & YONTS and HENRY W. SANDERS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

Francis A. Randall being indebted to the J. M. Robinson, Norton & Company in the sum of $1,000, on July 13, 1909, executed to it twenty notes for $50 each, payable monthly. She owned a life estate in a house and lot in Louisville, her son, T. Roy Sale owning the remainder. She, her son and his wife, also executed a mortgage to secure the notes. This suit was brought by J. M. Robinson, Norton & Company against them to subject the property to the debt. Mrs. Randall answered pleading that she was a married woman at the time the mortgage was given and that her husband did not join her in the deed. The plaintiff replied that she represented herself to be a widow, and that the plaintiff had trusted her and accepted the mortgage on the faith of her representation that she was a widow. This was denied by a reply. The son and his wife filed an answer in which they pleaded that the mortgage was obtained from them by fraud and duress. No reply was filed to this answer; proof was taken and on final hearing the circuit court dismissed the petition in so far as it sought to subject the property to the debt. The plaintiff appeals.

The weight of the evidence does not show that Mrs. Randall misled J. M. Robinson, Norton & Company as to being an unmarried woman. She and her husband were married twenty years before. They both lived in Louisville and while they had been separated for six years, the officer of the J. M. Robinson, Norton Company who took the mortgage according to her evidence well knew that she was a married woman, and had often talked to her about her husband. The mortgage was given simply to secure a pre-existing debt, and we do not find from the evidence as a whole that she made any misrepresentations to or in any way mislead J. M. Robinson, Norton & Company as to being unmarried. It is true the deed uses the word "widow" after her name in the caption, but this is not sufficient to estop her from showing that she was a married woman. The judgment of the chancellor on her branch of the case is affirmed.

The correctness of the judgment on the other branch of the case depends on the sufficiency of the answer filed by T. Roy Sale, and his wife. There having been no reply filed to the answer it must be taken as true, and if its allegations are sufficient to constitute a defense to the

action, the judgment dismissing the petition as to them is right. The answer so far as material is as follows:

"Now comes the defendants, T. Roy Sale and Nettie Sale, and by leave of court * * * say that they and each of them signed the mortgage set up and sought to be enforced in plaintiff's petition, under and by reason of force, duress and fraud. That they did not understand fully the provisions of the said instrument, and they did not consent thereto. That their co-defendant, Francis A. Randall, secured their signatures, and each of them, to the said instrument by the use of force and duress. That the plaintiff, J. M. Robinson, Norton & Company, through its officers and representatives, stated and represented to the defendant, Nettie Sale, that said mortgage would not be put to record, or enforced against her unless she further gave her consent in writing thereto. These statements and representations were made to her immediately after the execution of said instrument, and in answer to her protest against the recording and the holding of the same by the plaintiff, J. M. Robinson, Norton & Company."

It will be observed that the defendants do not deny that they signed and delivered the deed of mortgage as alleged in the petition, and that while they alleged that they signed it under and by reason of force and duress and fraud, they do not allege that this force, duress or fraud was on the part of the plaintiff. The next sentences show that the force, duress and fraud was on the part of their co-defendant, Francis A. Randall. The rule is that a mortgage is not invalidated by force or duress exercised by one of the mortgagors upon another, not participated in by the mortgagee. Pribble v. Hall, 76 Ky., 61; Davis v. Jenkins, 93 Ky., 353; Tackitt v. Tackitt, 127 S. W., 987.) The only charge made against the plaintiff is that it stated and represented to the defendant, Nettie Sale, that the mortgage would not be put to record or enforced against her unless she further gave her consent in writing thereto, and that this statement was made to her immediately after the execution of the instrument, and in answer to her protest against the recording and holding of it by J. M. Robinson, Norton & Company. In other words, it is admitted by the answer that the parties signed and delivered the writing, but it is alleged that there was an agreement immediately thereafter made with Mrs. Nettie Sale that the paper would not be put to record or enforced unless she further

gave her consent in writing thereto. If this agreement was made after the delivery of the writing and after the contract was closed, no consideration for it is shown. If it was made at the time of the delivery of the instrument, the sum of the matter is that the instrument was delivered in escrow to the plaintiff and was to be held by the plaintiff upon the condition stated. But the rule is well settled that an instrument can not be delivered as an escrow to the plaintiff. The delivery must be to a third person. We had practically the same question before us in Farmers' Bank v. Wickliffe, 131 Ky., 789; Case Threshing Machine Co. v. Barnes, 133 Ky., 321. To uphold such parol agreements made at the time of delivery of a written instrument would be to allow the effect of the instrument to be destroyed by parol evidence. We, therefore, conclude that the answer states no defense to the action, and that the circuit court erred in dismissing the petition as to T. Roy Sale and wife.

The judgment as to them is reversed and cause remanded for a judgment subjecting their interest in the property to the debt, and for further proceedings consistent herewith.