JOHN SMITH AND FLORENCE SMITH, *Appellants,* v. COM-
MERCIAL BANK OF JASPER, A CORPORATLON, *Appellee.*

## Opinion filed February 13, 1919.

1. Threats of a lawful arrest for an offense which has actu-
ally been committed is not in itself a sufficient ground for
the cancellation of a mortgage which has been executed as
a result of such threats, and made to secure the maker of
the threats for the loss occassioned to him by the commis-
sion of such crime.

2 A mortgage will not be set aside because of duress exer-
cised upon the mortgagor in its procurement, such duress
not being participated in by the mortgagee.

3 The fact that a wife was induced to execute a mortgage by
fraud and deception on the part of her husband in which
the mortgagee did not participate and of which he had no
knowledge does not affect its validity.

An Appeal to the Circuit Court for Hamilton County;
M. F. Horne, Judge.

Decree affirmed.

*C .D. Blackwell,* for Appellants.

*S. S. Sandford,* for Appellee.

WEST, J.—This is an ordinary mortgage foreclosure.
The mortgage sought to be foreclosed covers certain de-
scribed lots in the town of Jasper. The bill to foreclose
is in the usual form, and while the mortgage is not cop-
ied in the record it is referred to in the bill as a mortgage
deed and the bill recites that the original mortgage is at-

tached to and made a part of the bill.    We assume therefor that it is in proper form and duly executed.

The decree was for the complainant and the defendants appeal.

Two questions are presented for our consideration. The first assignment of error questions the sounds of the order granting the motion to strike a certain parapraph from the answer of the defendant John Smith.    By the stricken paragraph of his answer this defendant averred, that at the time of the execution of the mortgage sought to be foreclosed he was president of the complainant bank; "that the duly qualified bank examiner commissioned to examine State banks in the State of Florida, pursuant to said commission, came to examine the complainant bank; the notes described in said amended bill of complaint and also described in said mortgage were then and there held by complainant bank, and the said examiner then and there informed this defendant that the said notes were unsatisfactory paper for said complainant bank to have and blamed this defendant with the fact that complainant then and there had such paper among its assets and led this defendant to believe that he had violated the law in permitting said bank to have such paper among its assets, and told this defendant that he had to give said mortgage to secure the payment of the same, and he led this defendant to believe that he would prosecute him criminally if he did not execute said mortgage, and this defendant did then and there by reason of the statements made to him by said examiner, believe that he had violated the banking laws of the State of Florida, and had made himself liable to criminal prosecution, and this defendant did then and there, by reason of the statements made to him by said examiner, believe

that said examiner was going to prosecute him if he did not execute said paper, and this defendant avers that it was through fear of this prosecution at the hands of said examiner that he executed said mortgage at the request of said examiner."

There are two defects in this paragraph of the answer. In the first place there is no allegation that there was no basis for the alleged threatened prosecution in the transaction referred to between this defendant and the bank (1 Jones on Mortgages, §623; Englert v. Dale, 25 N. D. 587, 142 N. W. Rep. 169) ; and, in the second place, there is no allegation that the mortgage was extorted from him by means of duress practiced upon him by the mortgagee, (Robinson, Norton & Co. v. Randall, 147 Ky.; 45, 143 S. W. Rep. 769; Moog v. Strang, 69 Ala. 98). It will be observed that the alleged prosecution that defendant feared was at the hands of a "duly qualified bank examiner commissioned to examine State banks of the State of Florida." There is no suggestion of a threat of presecution by the complainant to whom the mortgage was given. There was therefore no error in this ruling.

The second assignment assails the order granting the motion to strike a paragraph of the answer of the defendant Florence Smith. The paragraph which was stricken is as follows:

"The husband of this defendant John F. Smith, presented said mortgage to her and requested her to sign the same; and to induce her to sign the same he then and there fraudently and deceitfully stated to her that it did not convey and mortgage her separate statutory property and estate; that said statement that said mortgage did not convey and mortgage her separate statutory prop-

erty and estate was false and fraudulent and known by the said John F. Smith to be false and fraudulent when he made it, but this defendant did believe said statement to be true at the time she executed said mortgage and she did rely on said statement and did execute said mortgage without making any investigation; that this defendant did not know the description of her said separate statutory property and estate and did not know that it was described as lots Numbered 97 and 98 of Tompkins survey of the town of Jasper, Florida, and relying on and believing said statements she did execute said mortgage without making any inquiry as to the land conveyed and mortgaged by said mortgage, and she executed the same believing that it did not convey and mortgage her separate statutory property and estate, and this defendant further says that when the said mortgage was delivered to complainant bank by the said John F. Smith she was then still unadvised and did not know that the same did convey and mortgage her separate statutory property and estate."

It is apparent that the alleged fraud practiced upon this defendant was the fraud of her husband and not the fraud of the complainant. There is no suggestion that the complainant participated in the fraudulent representations by which she was induced to sign the mortgage, or that it even knew of such representations. Neither is there a suggestion that she might not by the exercise of ordinary care have discovered before the delivery of the mortgage that the two lots which she claims as her separate statutory property were included in the mortgage.

It seems to be well settled that the fact that a wife was induced to execute a mortgage by fraud and deception

on the part of her husband in which the mortgagee did not participate and of which he had no knowledge does not affect its validity. Pacific Guano Co. v. Anglin, 82 Ala. 492, 1 South. Rep.852; Walker v. Nicrosi, 135 Ala. 353, 33 South. Rep. 161; Mohr v. Griffin, 137 Ala. 456, 34 South. Rep. 378; Bode v. Jussen, 93 Neb. 482, 140 N. W. Rep. 768; Riggan v. Sledge, 116 N. C. 87, 20 S. E. Rep. 1016; Butner v. Blevins, 125 N. C. 585, 34 S. E. Rep. 629; Shell v. Holston Nat. Building & Loan Ass'n (Tenn. Ch. App. 52 S. W. Rep. 909; J. C. Tracy & Co. v. Harris, 5 Ga. App. 392, 63 S. E. Rep. 233.    It follows that this assignment must also fail.

It is also urged that there was no consideration for the mortgage, but this contention is settled adversely to defendants by Section 2959, General Statutes of 1906, Compiled Laws 1914.

The decree will be affirmed.

TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

BROWNE, C. J., absent.