*E. R. Smith, McDonald & Willingham,* contra.

---

## 13846.   GOODWYN *v.* FOLDS.

BELL, J. 1. The petition in this case is construed as an action for damages, under section 4135 of the Civil Code (1910), for the breach of an alleged implied warranty in the sale of corporate stocks, upon the theory that the stock had a latent defect undisclosed, and was not merchantable and reasonably suited to the uses intended, as an investment, by reason of the existing insolvency of the corporation, rendering it worthless. *Held:* In such a sale there is no implied warranty of the particular nature relied on, the same being, " from the

nature of the transaction, excepted." The purchaser does not show a liability of the seller "merely because the purchase of the stock was not a good investment." *Bank of Lavonia* v. *Bush*, 140 *Ga.* 594 (5), 598 (79 S. E. 459); *Carter* v. *Haralson*, 146 *Ga.* 282 (5) (91 S. E. 88); *McMillan* v. *First National Bank of Valdosta*, 13 *Ga. App.* 23 (78 S. E. 734); *Coca-Cola Bottling Co.* v. *Anderson*, 13 *Ga. App.* 772 (80 S. E. 32); *Askew* v. *Central Trust Co.*, 26 *Ga. App.* 122 (1) (106 S. E. 198); Rothmiller *v.* Stein, 143 N. Y. 718 (38 N. E. 718, 26 L. R. A. 148 (2) ); McClure *v.* Central Trust Co., 165 N. Y. 108 (58 N. E. 777, 53 L. R. A. 153 (see note, p. 155) ).

(a) If the alleged defect related to the validity of the title of the stock, or its freedom from incumbrance, or other matter than value, the rule might be different. McClure *v.* Central Trust Co., supra; 7 R. C. L. 255.

2. The court did not err in sustaining the general demurrer to the complaint. *Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED APRIL 17, 1922.

Action for breach of warranty; from city court of Carrollton — Judge Hood. July 12, 1922.

*S. Holderness, James Beall, Raymond Robinson,* for plaintiff.

*Willis Smith, Smith & Millican,* for defendant.