### 14859.   SMITH v. SHINN.

A false statement is not fraudulent when there is no reason why the statement should be believed and acted upon. Moreover, in the instant case there was every reason, according to human experience, why the alleged false statement by which the plaintiff claims to have been injured should not have been believed by a person of ordinary intelligence, such as the plaintiff is presumed to be, in the absence of contrary averment.

The demurrer to the petition was properly sustained.

DECIDED DECEMBER 7, 1923,

Action of deceit; from city court of Carrollton—Judge Hood. July 9, 1923.

*Boykin & Boykin,* for plaintiff.

*Smith & Taylor,* for defendant.

BELL, J. Smith sued Shinn, and he excepts to the sustaining of a demurrer to his petition. His complaint was as follows: "That Paul Shinn is indebted to your petitioner in the sum of $110.45, besides interest at the rate of 7 per cent. per annum since December 18, 1922, as will more fully appear hereafter. Your petitioner shows that at the time the Merchants & Planters Bank at Bowdon, Georgia, closed, he had on deposit $440.18, and that on December 23, 1922, the said Paul Shinn came to your petitioner's house at Lamar, Ala., and represented to your petitioner that said certificates of $440.18 was worthless and that he would never get anything out of it, but did agree to pay your petitioner the sum of $320.00 for it. Your petitioner further shows that the said Paul Shinn misrepresented known facts to your petitioner and fraudulently procured from him said certificates on the Merchants & Planters Bank by such representations, which were relied on by your petitioner and which the said Paul Shinn knew at that time to be false and were false, when in truth and in fact the said Merchants & Planters Bank had opened on December 18, 1922, and were cashing said certificates at par value at that time, and these facts were not known to your petitioner."

"A false statement is not fraudulent when there is no reason why the statement should be believed and acted upon." *Branan* v. *Wakefield,* 3 *Ga. App.* 586 (2) (60 S. E. 325). Here the plaintiff was the owner of a time-certificate. His own property was represented by the defendant to be valueless. The party making the statement, however, offered in the same breath to give $320 for it. It is contrary to human experience that any one is willing to pay $320 for a thing that is absolutely worthless, unless it be an heirloom, relic, or antique, or something of sentimental or other special value to the person seeking to purchase, irrespective of its commercial or intrinsic worth; and, in the absence of some special reason why another would make such a bargain, there would be no reason for a person of ordinary intelligence to believe or rely upon the representation as to value accompanying the offer. On the contrary, there would be every reason for disbelieving the statement. Such

a scheme to defraud is perfectly transparent. The courts will go a far distance to protect the over-credulous as against the machinations of the designedly wicked, but should not be called upon to protect one who has acted upon a statement which appeared to be false upon its face, where no special reasons are alleged why the patent and obvious falsity was not observed. In the absence of a contrary averment the plaintiff is presumed to be a person of ordinary experience and intelligence. If the defendant had represented that the certificate was worth only $320, the amount he offered to pay, or some approximate sum, and concealed the fact that the bank was at the time open and paying the face value for such certificates, with knowledge that the plaintiff was ignorant of this fact, an entirely different case would be presented; but the representation that the certificate was absolutely worthless, connected with his offer to buy it at $320, was an unmistakable self-negation, plainly and self-marked as untrue. The plaintiff has alleged in effect that he believed that the defendant,—a stranger, so far as is shown by the record,—without a reason was giving him $320 for nothing,—in other words, "something for nothing,"—a fortune which, universal experience has taught us, no one can reasonably expect. The plaintiff does not show any right of reliance. The demurrer to the petition was properly sustained. Compare Askew v. Central Trust Co., 26 Ga. App. 122 (1) (106 S. E. 198); Goodwyn v. Folds, 30 Ga. App. 204 (117 S. E. 335), and cases there cited.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.