## OWENS v. OWENS.

1. The two trials which are required in applications for divorces are entirely separate and distinct adjudications. Although the first jury trying the case may render a verdict finding a total divorce, the trial before a second jury required by law is a distinct proceeding de novo.

2. Where a woman prior to her marriage falsely and fraudulently repre-
sented to her prospective husband that he was the father of a child
with which she was then pregnant, such representation would not be
ground for the grant of a divorce based upon fraud as defined in the
Civil Code, § 2945, par. 5, where the petition for divorce alleges that
he married her to avoid a prosecution for seduction.

No. 3593.   JANUARY 24, 1924.

Libel for divorce.   Before Judge Wright.   Floyd superior court.
January 13, 1923.

*Porter & Mebane* and *William Oats,* for plaintiff.

RUSSELL, C. J.   J. P. Owens sought a divorce from his wife,
on the ground that the marriage was procured by fraud practiced
upon him by the defendant by which he was fraudulently induced
to enter the contract.   The fourth division of § 2945 of the Civil
Code of 1910 (which section sets forth what grounds shall be suf-
ficient to authorize the granting of a total divorce) provides that
"Force, menaces, duress, or fraud, in obtaining the marriage,"
shall be sufficient ground to authorize the granting of a total
divorce.   The allegations of fact upon the point of fraud as con-
tained in the plaintiff's petition are to the effect that the defendant
knowingly misled and deceived the plaintiff by telling him that
she was pregnant with a child of which he was the father; that
she thus caused the plaintiff to believe he was the father of the
child; that she made said fraudulent representation to the plaintiff
with the knowledge of its falsity and with the intention to deceive
him, and did so deceive him, and fraudulently caused plaintiff to
believe he was the father of said child; "and by said fraudulent
representation of defendant to plaintiff, said plaintiff did consent
to marry defendant and did marry said defendant, because plain-
tiff did believe that he was the father of the said unborn child of
the said defendant; said defendant knew that she was pregnant by
some other man at the time that she made the said fraudulent rep-
resentation to the plaintiff."   The petition then alleges that the
child was born the day after the plaintiff married the defendant,
whereas the plaintiff had never had carnal knowledge with the
defendant except upon one occasion, which was on August 7, 1921,
only a little more than six months previous to the birth of the
child.   It further appears from the fifth paragraph of the petition,
that the plaintiff did not marry the defendant until February 10,
1922, after he had been lodged in jail under a warrant charging

seduction of the defendant, and that he married her in order to avoid further imprisonment; although it is alleged that the warrant was issued illegally, maliciously, and without probable cause.

Upon the first trial of the case the jury rendered a verdict finding in favor of the plaintiff a total divorce. At the next term the trial was proceeding, when the trial judge of his own motion withdrew the case from the jury and dismissed the petition. Exception is taken to this dismissal of the case. Two points are raised for our decision. Whether the trial by the first jury, which rendered a verdict in favor of a total divorce, and the action of the trial judge in permitting the case to go to the jury was such an adjudication as fixed the law of the case to the effect that the allegations of the petition sufficiently and legally stated a case of such fraud as is required by the Code to entitle a petitioner to a total divorce; and that it was not within the power of the court, upon the second trial of the divorce suit as required by law, to dismiss the petition even if it had been originally fatally defective. The second question (and the determination of the first depends partially upon the ruling as to the second question) is whether the petition, construed as a whole, so totally failed to state such a case of fraud that it should not, under any contention, have been submitted to the jury. Counsel for the plaintiff contend that, by the court's consideration of the case upon the trial which resulted in the first verdict, the law of the case became fixed, and the petitioner was entitled to a second verdict if he established the allegations of his petition as made. There is no appearance for the defendant in error before this court; and hence we are not informed as to what is the contention of the defendant in the lower court.

1. We cannot agree with the contention of the plaintiff in error that the petition could not be dismissed for fatal defects even upon the second trial of the divorce suit. Under the provisions of our law the proceedings in divorce cases are sui generis. As is well known, divorces were originally granted in Georgia only upon application to the General Assembly and by the action of the legislature. When the law was changed it was provided that divorces could only be granted by the concurrent verdicts of two juries at different terms of the court. There were several obvious purposes in this provision. One, which is very apparent, was to

make the rendition of divorces as difficult as possible; and each trial has been held to be an absolutely de novo proceeding. The finding of the first jury has no binding force or effect whatever on the second trial or on the second jury. The fact that the first jury may find against a divorce may defeat the entire proceeding, because the law requires two verdicts in favor of a divorce; and the first finding being adverse to the contentions of the plaintiff, it might be that it would be impossible for the plaintiff to ever hope to receive the second verdict required by law. But it is unnecessary to rule as to this; for although this question was once raised in this court, it was not then decided, nor is it necessary to the decision in the present case. However, certain it is that the two trials are separate and distinct from each other; for if they were not, in case a verdict for the plaintiff was rendered in the first trial and the second trial resulted in a verdict adverse to the plaintiff and in favor of the defendant, there would be a failure to obtain a divorce, because there would not be two concurrent verdicts as required by law. So that we are constrained to reject the contention and argument of the plaintiff in error that the law was settled by reason of the fact that the trial judge permitted the jury to pass upon the first trial under the objections urged; and in view of what we will say in the second division of the opinion, we do not think that any objection can be urged. The usual rule of res adjudicata does not apply upon the second trial, no matter what might have been decided in the first. While the proceeding is between the same parties, the act of the General Assembly which took away from that body the right to grant divorces made the two separate verdicts of two different juries and different terms of court necessary.

2. Judging the action of the court in dismissing the petition upon the second trial upon its merits, we think the trial judge was right in dismissing the petition. The allegations of the petition did not make any case of fraud. No man can allege that he is defrauded when, with his eyes open to all the facts, or with the opportunity to ascertain the exact truth, he consents to be deceived. This common principle is one of universal application. This State has what in many States would be included within the general provision as to fraud as a ground for the annulment of a marriage. One of our grounds for divorce is "Pregnancy of

the wife, at the time of the marriage, unknown to the husband." This in many States falls under the general grounds of fraud, whereas we have eliminated it and placed it in our Code as a separate ground of divorce. It seems to have been the effort of the plaintiff in this case to include within the ground of fraud as contained in § 2945 of the Code of 1910 a case where the pregnancy of the wife at the time of the marriage was not unknown. He alleges that his wife told him that she was pregnant; and certainly, if the plaintiff is not blind, the court could take knowledge of the fact that a man of ordinary judgment could see that a woman was pregnant on the day preceding the birth of a fully developed nine months child. It is a maxim "worthy of all acceptation" that "a false statement is not fraudulent when there is no reason why the statement should be believed and acted upon." *Branan* v. *Warfield*, 3 *Ga. App.* 586 (2) (60 S. E. 325).

This plaintiff, about to enter a contract of marriage, had at least two good reasons why he should not have believed and acted upon the statement of the opposite party. In the first place, the statement of a woman who would grant sexual intercourse to a man she had just met should not be credited. In the second place, a man of ordinary intelligence could tell by ocular inspection that a woman so far advanced in pregnancy as to be within one day of actual delivery could not have been in that condition as the result of an intercourse had barely six months. before. The applicant for divorce stated in his petition that at the time of the marriage he was confined in jail under a warrant charging seduction; and in determining whether the action sets out a case of fraud within the purview of that word as used as a ground of divorce, the entire petition may be considered, and there we find that the real reason why the ground of fraud in procurement of marriage was relied upon is because this court has held that duress as a ground for divorce could not be predicated upon a prosecution for seduction. *Griffin* v. *Griffin*, 130 *Ga.* 527 (61 S. E. 16, 16 L. R. A. (N. S.) 937, 14 Ann. Cas. 866).

We have already shown that the second trial of this divorce case was absolutely distinct from the first trial and unaffected by it. The sufficiency of the petition could be questioned as well in the second trial as in the first; and even though no motion to strike was made and no demurrer had been filed, the court had the right,

of his own motion and in the vindication of the law, to dismiss the proceeding.

                    *Judgment affirmed. All the Justices concur.*
ATKINSON, J., concurs in the result.