462

22237.  LITTLE *et al. v.* GEORGIA POWER CO. *et al.*

DECIDED DECEMBER 22, 1932.  REHEARING DENIED MARCH 4, 1933.

*Hall, Grice & Bloch, Sibley & Sibley,* for plaintiffs.

*Colquitt, Parker, Troutman & Arkwright, Marion H. Allen, Frank W. Bell, Samuel H. Wiley,* for defendants.

PER CURIAM.  W. F. Little and his wife, Mrs. Lillie H. Little, brought suit against Hugh T. Cline and the Georgia Power Company for damages, and alleged: that plaintiffs were the owners of certain lands north of Island Creek in Hancock county; that H. T. Cline, as agent of the Georgia Power Company, in an attempt to get an option on said lands, stated to W. F. Little, who was representing himself and his wife, that the Georgia Power Company would not pay more than $6 an acre for any land north of Island Creek, and would not pay more than $6 per acre for plaintiffs' tract of land; that said Cline stated to W. F. Little that he (Cline) was not getting a red cent out of the transaction, and that he had just taken an option for the said power company from one Nelson for a tract north of Island Creek at $6 an acre; that the said power company ratified and confirmed these statements made by Cline; that said statements were false and fraudulent; that they were made for the purpose of deceiving plaintiffs; that they did deceive plaintiffs; and that they caused plaintiffs to sell their lands for $7 an acre, thereby damaging plaintiffs the difference between $7 an acre and $20 an acre, the latter figure being the value of the land and the average price paid for land of like kind and character north of Island Creek; and plaintiffs prayed for judgment for $23,055.50. The defendants denied the allegations, the case went to trial, and, after the introduction of the evidence, the court granted a nonsuit. Upon the judgment granting the nonsuit and dismissing the case the plaintiffs assign error.

The record shows that the plaintiffs signed the option June 20, 1929, and executed a deed to the greater portion of the land on November 23, 1929, and a deed to an additional 4½ acres on February

1, 1930. The evidence shows that plaintiffs knew, before executing the deeds, that Cline had made false representations as to others getting only $6 an acre, and as to $6 an acre being the average price. The very fact that plaintiffs received $7 an acre for their land conclusively shows that they knew that Cline's statement that the company would pay them only $6 an acre was false. In fact, plaintiff W. F. Little admitted that he had knowledge of the falsity of Cline's representations before he and his wife signed the deeds. "One can not be said to be deceived by an alleged false representation, when he admits he had knowledge of its falsity." *Griffin* v. *Griffin*, 130 *Ga.* 527 (2) (61 S. E. 16, 16 L. R. A. (N. S.) 937, 14 Ann. Cas. 866). "A false statement is not fraudulent when there is no reason why the statement should be believed and acted upon." *Smith* v. *Shinn*, 31 *Ga. App.* 356 (120 S. E. 647); *Thomson* v. *McLaughlin*, 13 *Ga. App.* 334, 338 (79 S. E. 182); *Branan* v. *Warfield*, 3 *Ga. App.* 586 (2) (60 S. E. 325).

The record shows that plaintiffs, before the execution of the deeds, and with knowledge that the representations of Cline were false, made no effort to rescind nor offered any objection to executing the deeds. The general rule is that "one who is induced by fraud to enter into a contract, and who, on discovery of the fraud while the contract remains wholly executory, nevertheless executes it on his part, or requires performance on the part of the other party, thereby waives the fraud and can not subsequently maintain an action for damages therefor." 12 R. C. L. 413, § 159; *Manget* v. *Cunningham*, 166 *Ga.* 71, 87 (142 S. E. 543). In Kingman *v.* Stoddard, 85 Fed. 745, the court said: "With respect to an executory contract, one may not, after knowledge of the fraud, continue to carry it out, exacting performance from the other party to it, receive its benefits, and still pursue an action for deceit." The instant case is differentiated by its facts from that of *Couch* v. *Thompson*, 34 *Ga. App.* 383 (129 S. E. 794), cited by plaintiff in error. In the *Couch* case there was no waiver, because "the purchaser paid the purchase-money under an agreement with the seller that the seller would make good to him any damage resulting from the fraud." In the instant case there was no such agreement or inducement, and the plaintiffs executed the deeds without any promise that anything would be done. According to plaintiff's own testimony, the most that was said in this regard was that Mr. Bass, representing the de-

fendant power company, stated "that he would investigate it and do all he could for me."

It follows that the grant of a nonsuit was proper.

*Judgment affirmed.* *Stephens, MacIntyre, and Guerry, JJ., concur.*