COMMERCIAL CREDIT COMPANY, a Corporation, etc., *Appellant*, v. R. DAVIS and ANNA DAVIS, *Appellees*.

137 So. 688.

En Banc.

Opinion filed November 12, 1931.

*J. H. Harrell*, for Appellant;

*R. C. Horne,* for Appellees.

BUFORD, C.J.—In this case the complainant brought suit to foreclose a mortgage, the defendants answered, each interposing a defense that the mortgage was procured by duress, the complainant through its agent and representative threatening to arrest and prosecute R. Davis, the mortgagor, for a criminal offense in connection with the handling of certain automobiles as a dealer, unless R. Davis and his wife would execute a mortgage to secure the payment of the amount owed by Davis and his partner, Walker, to Commercial Credit Company.

Upon final hearing the decree was in favor of the defendants, the court holding that the defense set up in the answer had been sustained by proof.

The evidence shows that the mortgage was executed several weeks after the proposition was first made to Davis by the agent of the complainant and that Davis had consulted counsel in regard to the matter and had been advised to make the mortgage to secure the payment of the debt, which he admitted that he owed.

The record further shows that when the mortgage was executed certain automobiles which had been repossessed by Commercial Credit Company from Davis and his partner were re-delivered to them and that of the amounts owing by Davis and his partner the indebtedness for those particular automobiles constituted a part.

The record shows a good and valuable consideration for the mortgage. The record indicates that Davis had been guilty of fraudulent and criminal acts in connection with his dealings with Commercial Credit Company. All parties to the transaction were sui juris and had had such business experience as to warrant the assumption that they were each entirely capable of taking care of their own interests and protecting their own rights.

It appears to us that the record fails to show such a state of facts as to warrant the mortgage being held in-

valid as a matter of law upon account of the alleged duress. The decree should be reversed on authority of Smith et al. vs. Commercial Bank of Jasper, 77 Fla. 163, 81 Sou. 154. Accordingly, the decree is reversed with directions that decree of foreclosure be entered for the balance due the complainants by the defendant R. Davis, including principal, interest, attorney's fees and costs, as is shown by the record.

It is so ordered.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL, BROWN, AND DAVIS, J.J., concur.