E. R. SHELDON, as Trustee for Morris Plan Company of St. Petersburg, and AMERICAN EMPLOYERS' INSURANCE COMPANY of Boston, Massachusetts, v. JOYCE L. WILFORE, *ei vir.*, IRVING A. WILFORE, individually, and THE CENTRAL SERVICE CORPORATION.

186 So. 508.

Opinion Filed February 10, 1939.

*Moreland E. Maddox* and *Byron M. Skelton,* for Apellants;

*Blancard & Hoffman,* for Appellees.

CHAPMAN, J.—This case is here on appeal from a final decree of foreclosure of a mortgage or trust agreement for $13,000.00, executed May 10, 1932, by Joyce L. Wilfore, joined by her husband, Irving A. Wilfore, to E. R. Sheldon, as Trustee for the Morris Plan Company of St. Petersburg.

Florida, and the American Employers' Insurance Company of Boston, Massachusetts, and likewise a trust agreement on the part of the Central Service Corporation, a corporation owned largely by Joyce L. Wilfore. The real estate described in the mortgage was the separate property of Joyce L. Wilfore, and she also owned 98% of the stock of the Central Service Corporation. The lower court found the equities of the cause to be with the defendant, Joyce L. Wilfore, and dismissed the bill of complaint and ordered cancelled of record the instruments, *supra*.

The question for decision on the record here is: Are the facts at bar controlled by the principle of law enunciated by this Court in the case of Burton v. McMillan, 52 Fla. 469, 42 So. 849, 8 L. R. A. (N. S.) 991, 120 Am. St. Rep. 220, 11 Ann. Cas. 380, or are the facts in the case at bar controlled by the principle of law enunciated by this Court in the case of Tyler v. Hill Brothers, Inc., 127 Fla. 419, 173 So. 147. The lower court heard the testimony offered by the respective parties, observed the witnesses upon the stand, heard argument of counsel and entered a decree to the effect that the facts adduced are controlled by the case of Burton v. McMillan, *supra*.

The record shows that Irving A. Wilfore, for some months prior to May 10, 1932, was an employee of the Morris Plan Company of St. Petersburg, Florida, and as its agent handled considerable money, the property of the Morris Plan Company, and was required to make bond condition for the faithful accounting of all moneys by him handled. While he was discharging his duties as an employee of the Morris Plan Company, one Arthur H. Dixon, agent and Assistant Treasurer of the Morris Plan Company, and one Mr. Kaufmann, agent of the American Employers' Insurance Company of Boston, Massachusetts, went to St. Petersburg, contacted Irving A. Wilfore, ob-

tained the possession of the books of the Morris Plan Company of St. Petersburg, audited the same and charged Irving A. Wilfore with a shortage in his accounts approximating some $15,000.00. Irving A. Wilfore was requested to make good the shortage. There was a dispute as to the correct amount of the shortage and defendant Wilfore insisted that a certain book taken from the place of business by the agents, *supra,* would disclose credits not allowed by the agents, but he was never granted the privilege of seeing the missing book to determine the credits to which he claimed he was entitled.

The agents threatened Irving A. Wilfore with criminal prosecution and put him in jail if he did not make good the alleged shortage. It was agreed between the agents and Wilfore that the sum of $13,000.00 was the amount of the shortage and the papers involved in this suit were drafted and signed to secure the payment of the amount of the defalcation. The property described in the mortgage was the separate statutory property of Joyce L. Wilfore, and she also owned 98% of the stock of the Central Service Corporation. The record fails to show that Joyce L. Wilfore had any knowledge of the defalcations of her husband until the night preceding May 10, 1932, when the husband informed her of a criminal prosecution being threatened against him by the agents, *supra,* if the security for its payment was not made, but that if she would sign the papers involved in this suit there would not be a criminal prosecution against her husband. The record shows that Joyce L. Wilfore acquired the property involved in the suit at bar prior to the time that her husband had accepted employment with the Morris Plan Company, and that the money with which she bought the property was from a relative residing at Detroit, Michigan, and that very little, if any,

of her husband's money went into the property involved in the suit.

Judge Charles L. VanFleet was the attorney for the Wilfores and testified that the property involved in the suit was the separate property of the wife; an amended pleading alleged that she had no knowldge of the threatened criminal proceeding against her husband until the night before May 10, 1932; that she had been sick with a nervous disease, and that her mind was shocked by the communication to her of the exposure of her husband's defalcations in the City of St. Petersburg, coupled with the thought of the unfavorable notoriety of a criminal prosecution that under the circumstances she yielded and signed the instruments here involved. We have also observed the testimony of the attorneys White and Mabry, and likewise that of the agents. Dixon and Kaufmann. It appears that the testimony of Mrs. Wilford was not discredited, contradicted or disputed, and that her testimony, with that of Judge VanFleet, is, in our opinion, sufficient to support the decree appealed from.

The practice of the Chancellor in making findings of fact is not only commendable, but tends generally to facilitate the disposition of cases in the appellate court. These findings serve as a guide for the proper conclusions to be reached. See Day v. Weadock, 101 Fla. 333, 134 So. 525. It has been held by an unbroken line of decisions of this Court that the findings of fact as made by a Chancellor will not be disturbed on appeal or review in this Court, unless the said findings are clearly erroneous. See Farrington v. Harrison, 95 Fla. 769, 116 So. 497; Atlantic Bank, etc. Co. v. Sengstak, 95 Fla. 606, 116 So. 267; Mock v. Thompson, 58 Fla. 477, 50 So. 673; Lucas v. Wade, 43 Fla. 419, 31 So. 231; Kent v. Knowles, 101 Fla. 1375, 133 So. 317.

It is contended by counsel for appellants that the sum of

$13,000.00 agreed upon between Wilfore and the agents, *supra,* was a settlement or compromise of disputed claims or demands due by Irving A. Wilfore to the Morris Plan Company of St. Petersburg, and that because of this settlement · and compromise agreement with reference to the shortage in Wilfore's accounts, a mortgage was accepted to secure the payment of these accounts when a threatened criminal prosecution was pending, but was not duress so as to invalidate the mortgage signed by the wife binding her separate property to the payment of the shortage, and that for this reason the facts at bar are controlled by the Tyler v. Hill Brothers, Inc., *supra.*

The record shows that the agents, *supra,* compiled from the books and records taken from the place of business of the Morris Plan Company of St. Petersburg thirty-four items approximating the total value of $15,000.00. Defendant Wilfore claimed credits which were allowed, which reduced by agreement the amount of his defalcations to the sum of approximately $13,000.00. Defendant Wilfore claimed other credits appearing in one of the books delivered to the agents, but the book was lost and the defendant Wilfore deprived of the record upon which his said other credit claims were based.

Quite a number of witnesses were offered and testified that defendant Wilfore agreed on the sum of $13,000.00 and that the agreement was reached after a conference with his attorney and an accountant representing him in the transaction, and that Mrs. Wilfore's deed of trust was freely and voluntarily entered into in the office of Clair A. Davis in the presence of Mr. G. E. Mabry, and others, when a Notary was obtained at the City Hall to notarize the instruments. The defendant Wilfore, at the maturity of the note, made some effort to get an extension of the time for payment, which is represented by a letter and had

conferences with attorneys representing the Morris Plan Company.

We have given careful consideration to appellants' contention both as to the rule expressed in Tyler v. Hills Brothers, Inc., *supra,* and the facts established here, but the weak point of this contention is that admittedly it does not conflict with, dispute or contradict the testimony of Mrs. Joyce L. Wilfore, the owner of the property, who testified that the instruments involved here were executed by her under duress and the public exposure of the charge of defalcation of funds and a pending criminal prosecution of her husband. We have considered fully the briefs and authorities cited therein, and the argument and contention of counsel of the respective parties at the bar of this Court, but fail to find error on the part of the lower court in holding that the case at bar is ruled by Burton v. McMillan, *supra,* and not by the case of Tyler v. Hill Brothers, Inc., *supra.* The decree appealed from is hereby affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD, and THOMAS, J. J., concur.

BROWN, J., dissents.