FLOYD, Associate Justice.
Plaintiff-appellant sued to foreclose a certain note and mortgage executed by defendants-áppellees, Julius Friedman and Eleanor Friedman, his wife, in the principal amount of $25,000. Defendants filed separate Answers and Counterclaims, alleging that the note and mortgage were executed under threats, duress and undue influence and prayed for cancellation of the note and mortgage. The cause was referred to a Special Master who took testimony. Julius Friedman is a lawyer, and he and the plaintiff invested money in a corporation which failed financially.. He averred that the plaintiff threatened him with disbarment and criminal prosecution ■if he did not pay plaintiff back the money which plaintiff had invested in the corporation. Eleanor Friedman testified that plaintiff had told her about his intended action if the investment was not returned, and she stated that she signed the note and mortgage to preclude plaintiff from pursuing the matter further against her husband. The Special Master made detailed findings and recommended that the mortgage be cancelled as to both defendants and that the note be cancelled as to Eleanor Friedman. Exceptions, were filed by both plaintiff and defendants to the Special Master’s Report; these exceptions were overruled, and the Court entered its Order in accordance with the recommendations of the Special Master.
This Court has repeatedly held that a finding of fact in an equity case will not be disturbed on appeal in the absence of manifest error. There are conflicts in the testimony taken before the Special Master, which conflicts were resolved in his findings of fact. He concluded that the mortgage was procured under duress and that the mortgage was therefore void. The mortgage encumbered the home owned by the defendants as an estate by the entireties.. *673 It is apparent from the testimony that the plaintiff was not looking to the corporation for the return of his investment, but was looking to Friedman personally. There are several references made in the testimony to a purported “Settlement Agreement” between Julius Friedman and the plaintiff, but for some reason not apparent in the record, this “Settlement Agreement” was never offered nor admitted in evidence. On the question of duress, the plaintiff denied the same for his side of the cause, and the defendants offered the testimony of themselves in addition to several other witnesses. While the evidence may well be the subject of two or more constructions and the testimony may be interpreted differently by two reasonable examiners thereof, it is not made to appear that manifest error was committed by the interpretation and construction placed thereon by the Special Master and confirmed by the Court.
No manifest error being made to appear on the questions of fact, the order of the lower court be, and the same is hereby affirmed.
DREW, C. J., and TERRELL and SE-BRING, TT., concur.