350 So.2d 31 (1977)
Mavis Y. NORRIS, Individually, Appellant,
v.
Monroe STEWART, Appellee.
No. DD-402.
District Court of Appeal of Florida, First District.
September 23, 1977.
Allen C.D. Scott, II, of Maxwell & Scott, Jacksonville, for appellant.
Paul M. Harden, of Smith, Davenport, Peek & Bloom, Jacksonville, for appellee.
PER CURIAM.
Mrs. Norris' appeal challenges the propriety of the trial court's order directing a verdict against her and in favor of Monroe Stewart, the holder of a $15,000.00 promissory note signed by her and her now deceased husband. We agree with the trial court that Mrs. Norris failed to establish she was duressed into executing the note.
Stewart had advanced $15,000.00, unsecured and without a written instrument, for Mr. Norris to invest in real property. The uncontradicted testimony shows Mr. Norris converted the monies in order to make payments on his farm where he and his wife resided. Mrs. Norris knew nothing of the business deal nor of her husband's conversion. When Stewart learned of the misappropriation, he visited the Norris home three times to discuss repayment. Mrs. Norris testified she once overheard Stewart talking to her husband in an upset manner, indicating that should he not get satisfaction, he would take the matter to the state attorney. Eventually, Mr. Norris had his wife type a promissory note and both signed it. Mrs. Norris testified she signed the note because, having overheard the conversation with Stewart and having discussed the matter with her husband, she didn't want her husband to go to jail. This suit was then brought on the unpaid note.
Summary judgment was granted against the estate of Mr. Norris and that determination is not here on appeal. We are only concerned with Mrs. Norris' liability as a co-signer of the note. She argues the general law in Florida is that a wife may avoid a conveyance obtained by express or implied threats of imprisonment of her husband, citing Burton v. McMillan, 52 Fla. 469, 42 So. 849 (1907); Sheldon v. Wilfore, 136 Fla. 312, 186 So. 508 (1939); Loew v. Friedman, 80 So.2d 672 (Fla. 1955).
Duress, however, requires a showing the act of the party compelling obedience of another is unlawful or wrongful. Corporacion Peruana de Aeropuertos y *32 Aviacion v. Boy, 180 So.2d 503 (Fla.2nd DCA 1965). There was no showing by Mrs. Norris that Stewart's intimations were illegal. See Smith v. Commercial Bank of Jasper, 77 Fla. 163, 81 So. 154 (1919); Commercial Credit Co. v. Davis, 103 Fla. 519, 137 So. 688 (1931); Tyler v. Hill Bros., 127 Fla. 419, 173 So. 147 (1937), and Corporacion Peruana, supra.
AFFIRMED.
BOYER, Acting C.J., and MILLS and ERVIN, JJ., concur.