HARRIS, Judge.
Dennis and Voncile Franklin appeal from a final judgment of foreclosure of a mortgage on their marital residence. The Franklins executed a second mortgage on the property they owned as tenants by the entirety on March 13, 1984, in favor of Wallack. Wallack cross-claimed for foreclosure after the first mortgagee brought foreclosure proceedings against the property. The Franklins argue that the trial court erred in ruling that they failed as a matter of law to establish the defense of duress and extortion. We affirm.
The record establishes that Mrs. Franklin worked for Wallack as his legal secretary and bookkeeper in 1983 and 1984. On March 12, 1984, Wallack discovered shortages in his firm accounts. He confronted Mrs. Franklin, who admitted she had taken $4,000.00. Neither had a clear idea as to how much money she had actually taken over the time she worked for Wallack.
Wallack set up a meeting in his office with Mr. and Mrs. Franklin on the following day. Although the testimony about what was said at that meeting was in conflict, the trial court found that Wallack indicated he would not inform the authorities about Mrs. Franklin’s theft, if both Mr. and Mrs. Franklin would execute a note for $20,000.00 and a mortgage on their residence. The trial court also found that Mr. Franklin was not responsible for his wife’s theft and that he did not know about it. The trial court ruled, however, that even if Wallack did threaten the criminal prosecution of Mrs. Franklin, it would not constitute duress or extortion as to either Mr. or Mrs. Franklin because Wallack was legally justified in seeking such prosecution.
The Franklins contend that.it is duress to “threaten” an innocent person with prosecution of his spouse for an admitted crime unless he joins in the pledge of property owned jointly by the innocent as well as guilty spouse to secure the victim’s loss. They primarily rely on Burton v. McMillan, 52 Fla. 469, 42 So. 849 (1907) and Sheldon v. Wilfore, 136 Fla. 312, 186 So. 508 (1939). Both cases are distinguishable on the facts.
*1372 In both Burton and Sheldon the wife was pledging her separate property to secure losses occasioned by her husband’s defalcation. In Sheldon the court explained:
The record shows that Joyce L. Wilfore acquired the property involved in the suit at bar prior to the time that her husband had accepted employment with the Morris Plan Company, and that the money with which she bought the property was from a relative residing at Detroit, Michigan, and that very little, if any, of her husband's money went into the property involved in this suit.
136 Fla. at 312, 186 So. at 509.
That is not the case at bar. Here the property was acquired as tenancy by the entireties during the wife’s employment by the victim and while she was embezzling $64,904 (according to the Franklins) or $96,-748.98 (according to the victim). It was during this period that the property was being purchased and improved.
Also common to both Burton and Sheldon was the fact that the wife was “sick with a nervous disease.” Both cases seem to hold that the instruments were invalid less because of the threat than because of the lack of capacity to execute the instrument caused by the wife’s mental state. This lack of capacity was not alleged in the case at bar. The record in this case established that the husband was neither ill nor nervous. He was persuaded to co-sign the note and pledge the joint property because his wife assured him that she had taken the money and asked him to sign and that by his signing she would avoid prosecution.
Loew v. Friedman, 80 So.2d 672 (Fla.1955), also cited by the Franklins, does deal with joint property. However, it appears in Loew that the threat was unjustified. Loew was unhappy because he lost money invested with Friedman in a corporation which failed. His threat was to prosecute Friedman unless he returned Loew's investment. This may well have been malicious. The lack of facts in Loew makes comparison inconclusive.
This case is more analogous to Tyler v. Hill Bros., 127 Fla. 419, 173 So. 147 (1937), in which the court held (in the absence of an allegation of mental or emotional weakness) that the threat to prosecute another would not excuse an innocent signer when the threat was not malicious.
This case is almost identical to Norris v. Stewart, 350 So.2d 31 (Fla. 1st DCA 1977), cert. denied, 362 So.2d 1055 (Fla.1978). Stewart had advanced $15,000 to Norris which Norris immediately converted. On learning this, Stewart, in the presence of Mrs. Norris, threatened to prosecute Norris. In order to prevent her husband from “going to jail,” Mrs. Norris co-signed a $15,000 note. She defended, not claiming mental or emotional weakness, but on the “general law in Florida” to the effect that a wife may avoid a conveyance obtained by express or implied threat of imprisonment of her husband. She cited Burton, Sheldon and Loew. The court rejected her defense, stating:
Duress ... requires a showing the act of the party compelling obedience of another is unlawful or wrongful. [Citations omitted.] There was no showing by Mrs. Norris that Stewart’s intimations were illegal.
Norris at 31-32.
In our case there are no allegations that Dennis Franklin was either emotionally or mentally ill, or that the property was his separate property. This case does not come under the Burton or Sheldon cases. This is a case in which an innocent third party — in order to prevent legitimate prosecution of a loved one — pledges property (in this case joint property) to secure repayment of the damages suffered by the victim. This is a Tyler/Norris case. There is no public policy reason to refuse to enforce this obligation.
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents with opinion.