W. SHARP, Judge,
dissenting.
I respectfully dissent. The subjective determination of whether or not Dennis or Voncile actually executed the $20,000 note *1373 and mortgage under duress was never made in this case by the trial judge. He ruled that duress, as a matter of law, could not be established in Florida because Von-cile was guilty of embezzlement. Even though Wallack extracted the note and mortgage from the Franklins by promising not to prosecute, Voncile was prosecuted, convicted, served time in prison and is under a restitution order to reimburse Wal-lack in full for his losses (which at this point have not been fully repaid). I disagree with the trial judge’s ruling. I would reverse and remand for the trial judge to make a finding of duress, at least as to Dennis.
The trial judge followed the rule, which has long been applied in Florida (although not consistently), that duress cannot be established by proving a threat to do an act which the threatening party has the legal right to do. See 20 Fla.Jur.2d Duress & Undue Influence (1980); Fuller v. Roberts, 35 Fla. 110, 17 So. 359 (1895); City of Miami v. Kory, 394 So.2d 494 (Fla. 3d DCA), rev. denied, 407 So.2d 1104 (Fla.1981); Scutti v. State Road Department, 220 So.2d 628 (Fla. 4th DCA 1969); Corporacion Peruana de Aeropuertos y. Aviacion v. Boy, 180 So.2d 503 (Fla. 2d DCA 1965).
Duress is a mixed bag in this state. It requires a fact finding by the court or jury that a person was so severely pressured or influenced that the person’s free will was practically destroyed, and he or she was forced to do an act or enter into a contract, not of that person’s own volition. See Cooper v. Cooper, 69 So.2d 881 (Fla.1954); Herald v. Hardin, 95 Fla. 889, 116 So. 863 (1928). This is essentially a subjective test. Illness, mental frailty and other circumstances may help establish duress in the subjective sense, but they are not essential.
At common law, threatening criminal prosecution was one of the classic category of cases in which duress could be found. See 17 C.J.S. Contracts § 168 at 948 (1963). The “old case law” held that in order to constitute duress (as a matter of law) the threat to prosecute had to be itself unjustified or illegal.[1] But, the more “modern" view is that whether the prosecution would be justified or legal, the effect on the victim is key;[2]
Under the Restatements of Contracts, First and Second, it makes no difference if the person making the threat thinks the other is guilty of a crime.[3] As the older Restatement of Contracts observed,[4] if a person is in fact guilty, the coercive force of a threat of criminal prosecution likely will be much greater than if the person were innocent. The rationale for this rule is that the courts will not permit resort to the criminal law to collect private debts.[5] Duress includes threats to prosecute a person’s family member as well as himself.[6]
However, Florida case law appears to follow the older line of cases, that duress cannot be established by proof that a guilty person was threatened with criminal prosecution, where the threat has a connection with the demand for which compensation is sought.[7] See Commercial Credit Co. v. Davis, 103 Fla. 519, 137 So. 688 (1931); Smith v. Commercial Bank of Jasper, 77 Fla. 163, 81 So. 154 (1919). Berber v. Berber, 466 So.2d 1149 (Fla. 4th DCA 1985) and Paris v. Paris, 412 So.2d 952 (Fla. 1st DCA 1982) cast some doubt on how strictly this rule is followed. But both of those *1374 cases involve threats by one spouse to another to obtain a favorable marital settlement. The acts threatened were technically legal, and were steps the threatening spouse had the right to do, but there was no connection between the threats and the action sought to be forced by them.
In any event, there is a split of authority in Florida regarding the application of the “legal” threat doctrine, when the threat is made to an innocent spouse or family member, to bring criminal prosecution against that person’s spouse or relative.[8] Tyler v. Hill Brothers, Inc., 127 Fla. 419, 173 So. 147 (1937) and Norris v. Stewart, 350 So.2d 31 (Fla. 1st DCA 1977), cert. denied, 362 So.2d 1055 (Fla.1978) appear to follow the older rule.
However, in Burton v. McMillan, 52 Fla. 469, 42 So. 849 (1907), the court ruled that the “legal” threat to bring criminal prosecution against a spouse of an innocent person, made to that person to obtain a deed or mortgage, can constitute duress. The court said:
[T]he maxim ‘In pari delicto,’ should not be applied to a case where a married woman sues to set aside a deed of her separate property made by her under express or implied threats of the prosecution of her husband, and to save him from prosecution whether the threatened prosecution was lawful or unlawful, when she was sick and nervous, and when she does not appear to have had abundant opportunity for consideration and consultation with disinterested advis-ors.
52 Fla. at 484, 42 So. at 854. Burton was followed in Loew v. Freidman, 80 So.2d 672 (Fla.1955) and Sheldon v. Wilfore, 136 Fla. 312, 186 So. 508 (1939).
Although Burton and Sheldon involved wives claiming duress and relief for their separate properties, I do not think the rule is so fact-specific as to be limited to sick, nervous wives and their separate properties. Loew involved a healthy wife and relief for her mortgage on tenancy by the entireties property.
In this case jointly owned property was involved, on which Dennis was in the process of remodeling a residence at the time the mortgage was given. There was no proof or inference that any of Wallack’s stolen funds went into the construction of the residence or property. If anything, the inference was otherwise. Wallack handled the Franklins’ closing on the property, which was financed by a sizeable first mortgage (in excess of $50,000). Dennis was personally and actively involved in remodeling the house, and he had no knowledge of Voncile’s theft.
I conclude that Florida follows the “modern” or Restatement view of duress when the threatened person is innocent, and the threat is to prosecute that person’s spouse.[9] I would hold that the trial court erred in this case by holding, as a matter of law, as to Dennis, that duress could not be proven because Voncile was guilty. The trial court should have gone forward and made the factual determination of whether Dennis was actually coerced' and forced by Wallack’s threats to execute the note and mortgage on his property.

. Annotation, Innocence of the Person Threatened as Affecting the Rights or Remedies in Respect of Contracts Made, or Money Paid, to Prevent or Suppress a Criminal Prosecution, 17 A.L.R. 325, 335 (1922).

. Id. at 328; 17 C.J.S. Contracts § 175 (1963); 25 Am.Jur.2d Duress and Undue Influence § 22 (1966).

. Restatement (Second) of Contracts § 176(1), comment c (1979); Willig v. Rapaport, 81 A.D.2d 862, 438 N.Y.S.2d 872 (N.Y.A.D.2d Dept. 1981); Motor Equipment Co. v. McLaughlin, 156 Kan. 258, 133 P.2d 149 (1943); 25 Am.Jur.2d Duress § 22.

. Restatement of Contracts § 493, comment d (1932).

. 25 Am.Jur.2d Duress & Undue Influence § 4 (1966).

. Id. at § 22.

.Id. at § 16.

. 11 FlaJur.2d Contracts § 41 (1979).

. See 25 Am.Jur.2d Duress & Undue Influence § 22 (1966).