[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12682
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:05-cv-01734-EAK-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CONTENTS OF BANK OF AMERICA,
091000061081093; 091000061081064;
091000061081006; 091000060553632;
091000058101203; 091000058101229;
091000058101245; held in the name of
Charles D. Butler in Trust for Terry Lee Butler, et al.

Defendants,

TERRY L. BUTLER,

Claimant-Appellant,

CHARLES D. BUTLER, individually and
as president of Miracle Temple, Inc.,

Claimant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 29, 2011)

Before MARCUS, MARTIN, and COX, Circuit Judges.

PER CURIAM:

Terry L. Butler presents the following issues on appeal: first, that the district court erred by not holding an evidentiary hearing on his Fed. R. Civ. P. 60(b) motion; second, that the district court erred by denying his Rule 60(b) motion; and third, that the district court erred by denying his motion for reconsideration. After a review of the record, we affirm the orders of the district court.

Butler asserts that the district court should have granted his motion for an evidentiary hearing on his Rule 60(b) motion. His Rule 60(b) motion sought to set aside the court's entry of judgment in a civil forfeiture action brought by the Government. The court entered the judgment pursuant to a settlement agreement negotiated between Butler and the Government. Butler maintains he was owed an evidentiary hearing to evaluate his claim that he executed the settlement agreement under duress because the Government threatened him with criminal prosecution if he did not enter into the agreement.

2

Florida law controls. Florida law appears to hold that the threat of criminal prosecution does not constitute duress and will not justify rescission of the settlement agreement. *See Smith v. Paul Revere Life Ins. Co.*, 998 F. Supp. 1412, 1417-18 (S.D. Fla. 1997) ("The law in the State of Florida is clear: a threat of criminal prosecution does not constitute duress and will not justify rescission of a legal instrument, where the threat to seek prosecution is legally justifiable. (citations omitted)); *Franklin v. Wallack*, 576 So. 2d 1371, 1372 (Fla. Dist. Ct. App. 1991) (affirming trial court's ruling that threatened criminal prosecution would not constitute duress because party was legally justified in seeking prosecution). In support of his position that a threat of prosecution justifies rescission of the agreement, Butler cites *Sheldon v. Wilfore*, 186 So. 508 (Fla. 1939), and *Burton v. McMillan*, 42 So. 849 (Fla. 1907). However, a Florida court has interpreted the rescission that occurred in those cases as based more on the contracting party's weakened mental state than on threatened prosecution. *Franklin*, 576 So. 2d at 1372. We conclude that the district court did not abuse its discretion in the denial of Butler's motions.

AFFIRMED.